Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant GARFIELD BEACH CVS, LLC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ARMENDARIZ, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>GARFIELD BEACH CVS, LLC., a California limited liability company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.<br><br>[Los Angeles County Superior Court, Case No. 26STCV00067]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:    None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Garfield Beach CVS, LLC ("Defendant" or "CVS") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

-1-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Maria Armendariz (Plaintiff) and Defendant.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint. *See* **Ex. A at ¶ 3.**

3. Garfield Beach CVS, LLC ("Garfield Beach") is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach was a limited liability company whose sole member, CVS Pharmacy, Inc., has at all material times been a Rhode Island corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. CVS Pharmacy, Inc. is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Pharmacy, Inc. was a corporation organized under the laws of the State of Rhode Island, and at all material times CVS Pharmacy, Inc. has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

5. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

7. On or about January 2, 2026, Plaintiff filed an action against CVS titled *Maria Armendariz v. Garfield Beach CVS, LLC, et al.,* in the Superior Court of the State of California, County of Los Angeles, Case No. 26STCV00067 (the "State Court Action").

8. On or about February 2, 2026, Plaintiff served a Notice and

-2-

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

Acknowledgement of Receipt – Civil on Defendant.

9.    On or about February 23, 2026, Defendant returned the Acknowledgement of Receipt deeming service complete on Defendant Garfield Beach CVS, LLC.

10.    True and correct copies of the Summons and Complaint and Notice and Acknowledgement of Receipt served on CVS are attached hereto as **Exhibit A.**

11.    In her Complaint, Plaintiff alleges the following causes of action: (1) Pregnancy Discrimination; (2) Sexual Harassment; (3) Failure to Provide Reasonable Accommodation; (4) Failure to Engage in the Interactive Process; (5) Retaliation in Violation of the FEHA; (6) Failure to Prevent Discrimination and Retaliation (7) Interference with Rights under the Pregnancy Disability Leave Law; (8) Interference with Rights under the California Family Rights Act; (9) Retaliation for Exercising Rights under PDLL or CFRA; (10) Wrongful Termination in Violation of Public Policy; (11) Retaliation for Reporting or Opposing Unlawful Conduct; (12) Discrimination or Retaliation Based on Use of Sick Leave; (13) Defamation; and (14) Unfair, Unlawful, or Fraudulent Business Practices.

12.    On March 25, 2026, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

13.    The Summons, Complaint, Notice of Acknowledgement and Receipt, and Answer constitute the pleadings, process, and orders served upon or by Defendant in the State Court Action.

**III.    COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS**

14.    The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.    Plaintiff is a Citizen of the State of California**

15.    Plaintiff is now, and was at the time this action was commenced, a citizen

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. *See* **Ex. A at ¶ 3**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

### B.   CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island

16.   If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

17.   CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. *See* **Request for Judicial Notice ("RJN"), Ex. A.** CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. 28 U.S.C. § 1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

18.   CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

19. Therefore, for the purpose of determining jurisdiction, CVS Pharmacy, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island.

**C.** **Garfield Beach CVS, LLC is a Citizen of the State of Rhode Island**

20. If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

21. Garfield Beach is now, and was at all material times, a single-member limited liability company. The sole member of Garfield Beach is CVS Pharmacy, Inc. *See* **RJN, Ex. B.**

22. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192.

23. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. *See* **RJN, Ex. A.**

24. Therefore, for the purpose of determining jurisdiction, Garfield Beach was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

25. Accordingly, complete diversity exists between Plaintiff (California) and Garfield Beach CVS, LLC (Rhode Island).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### D. The Court Can Disregard the "Doe" Defendants

26. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe defendants, 1-20" does not deprive this Court of jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

27. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts …  have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

28. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff was entitled to any damages and that Plaintiff will be able to recover on any of her theories of recovery.

29. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.    The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails**

30.    In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

31.    Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414.

**B.    Economic Damages in the Form of Lost Wages**

32.    Plaintiff seeks damages associated with alleged lost earnings. ***See* Ex. A at ¶¶ 23, 32, 37, 42, 47, 52, 57, 62, 67, 72, 77, 82 and Prayer for Relief.** At the time of her separation (February 7, 2024), Plaintiff was employed as a Shift Supervisor and her hourly rate was $18.55 per hour (making, on average approximately $465 per week). ***See* Declaration of Tiffani Engstrom at ¶ 3.**

33.    By the time this case is statistically likely to be resolved at trial (May 2028, or 27.1 months from the date of removal),[1] Plaintiff will have incurred significant damages—all of which must count toward the jurisdictional threshold—in alleged lost wages alone.[2]

## C.    Attorneys' Fees

34.    Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. ***See* Ex. A, ¶¶ 24, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78, 83, 96, Prayer for Relief**.

35.    As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc*., No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 27.1 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $465 per week multiplied by the approximately 221 weeks between Plaintiff's separation of employment (February 2024) and trial (May 2028).

-8-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date.").

36.    Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

### D.    Emotional Distress Damages

37.    Plaintiff also claims damages for emotional distress. ***See* Ex. A, ¶¶ 23, 32, 37, 42, 47, 52, 57, 62, 67, 72, 77, 82, 87, 88 and Prayer for Relief.**

38.    A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases with underlying disability claims commonly exceed $75,000:

- ***Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.):** pain and suffering award of $250,000 in discrimination case;

- ***Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.):** award of $3,000,000 in pain and suffering to an employee who was terminated after taking medical leave in a disability discrimination case; and

- ***Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.):** pain and suffering award of $500,000 to an employee in a disability harassment action.

39.    Plaintiff's allegations that she was discriminated and retaliated against, and ultimately terminated because of her disability, are similar to the issues in these cases. It is entirely conceivable that her emotional distress damages will far exceed the requisite $75,000 amount in controversy.

### E.    Punitive Damages

40.    Plaintiff further seeks punitive damages against CVS, a company of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

considerable size and resources. *See* **Ex. A, ¶¶ 23, 32, 37, 44, 47, 52, 57, 62, 67, 72, 77, 82, 90 and Prayer for Relief.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

41. Here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- ***Navarro v. 4Earth Farms, Inc. et al*.** (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination lawsuit.

42. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. <u>REMOVAL IS TIMELY</u>

43. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date service was completed on Defendant Garfield Beach CVS, LLC.[3]  28 U.S.C. §

---

[3] On or about January 2, 2026, Plaintiff filed her action against CVS in the Superior Court of the State of California, County for Los Angles, Case No. 26STCV00067.  On February 2, 2026, Plaintiff served a Notice of Acknowledgement of Receipt – Civil on Defendant.  On February 23, 2026, Defendant returned the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

1446(b)(1); *see* **Ex. A**.

## VI.    CONCLUSION

44.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

45.    Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: March 25, 2026                    PAYNE & FEARS LLP

By:    _____
          */s/  Leilani E. Jones*
          LEILANI E. JONES

Attorneys for Defendant GARFIELD BEACH CVS, LLC

Acknowledgement of Receipt deeming service complete on Defendant.  This Petition for Removal was filed 30 days after service of the Summons and Complaint was deemed served on Defendant.

-11-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100